FILED
September 11, 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _D. Trujillo_____
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>v.<br><br>**(1) ALEXIS MALDONADO-MUNOZ,** also known as (a.k.a.Tarzan);<br>**(2) JAVIER CARDOZA RODRIGUEZ,** also known as (a.k.a.): R-100, Sensei, Rolex, Karateka, Nuevo Mando and<br>**(3) OMAR ALONSO SERRANO-GARCIA,** also known as (a.k.a.): Donovan,<br><br>**Defendants.** | **CRIMINAL NO. EP-24-CR-00699-KC**<br><br>**SEALED**<br>**S U P E R S E D I N G**<br>**I N D I C T M E N T**<br><br>**CT 1:** 18:956(a)(1) – Conspiracy to Kill in a Foreign Country;<br>**CT 2:** 8 U.S.C. §§ 1324(a)(2)(B)(ii) - Bringing Aliens without Authorization for Financial Gain.<br>**CT 3:** 8 U.S.C. §§ 1324(a)(1)(A)(v)(I), (a)(1)(A)(i) and (a)(1)(B) (i) - Conspiracy to Bring in Aliens;<br>**CT 4:** 8 U.S.C. §§ 1324(a)(1)(A)(v)(I), (a)(1)(A)(ii) and (a)(1)(B)(i) - Conspiracy to Transport Aliens;<br>**CT 5:** 21:846 & 841(a)(1)-Conspiracy to Possess a Controlled Substance with Intent to Distribute;<br>**CT 6:** 21:963-Conspiracy to Import a Controlled Substance.<br>*Notice of Government's Demand for Forfeiture* |

THE GRAND JURY CHARGES:

## INTRODUCTION

1. During the course of the conspiracies charged herein and at all times relevant to this Indictment, Defendants (1) ALEXIS MALDONADO-MUNOZ (MALDONADO), also known as (a.k.a.) Tarzan, (2) JAVIER CARDOZA RODRIGUEZ (CARDOZA), also known as (a.k.a.): R-100, Sensei, Rolex, Karateka, Nuevo Mando and (3) OMAR ALONSO SERRANO-GARCIA (SERRANO), also known as (a.k.a.) Donovan were leaders in the La Linea cartel all of whom engaged and conspired in one or more of the criminal activities of the cartel described herein.

2.      La Linea, historically also known as the Juarez Cartel, maintained an especially strong presence in Juarez, Chihuahua, Mexico, and the Western District of Texas.  Juarez lies on the border with the United States directly across from El Paso, Texas which is in the Western District of Texas.

3.      Historically La Linea's criminal operations focused primary on narcotics trafficking, the laundering of drug proceeds and the armed and often times violent efforts to combat and eliminate other individuals, organizations and cartels to control the drug trafficking plaza which efforts continue through to the date of this indictment.  Beginning at some point after 2020, La Linea began to also focus heavily on the smuggling of aliens into the United States

4.      CARDOZA was a top leader of La Linea in Juarez.  He controlled much of the alien smuggling conducted by La Linea.  He had a number of cartel subordinates who also held leadership positions.  One such subordinate leader to CARDOZA was SERRANO. MALDONADO worked for La Linea as an alien smuggler.

5.      La Linea maintained a number of armed security forces, otherwise known as "sicarios," whose duties were to enforce the orders of the cartel leadership which helped to ensure control of the plaza for La Linea thus allowing the organization to continue its criminal activities including drug trafficking and human smuggling.  These "sicarios" would use firearms for these purposes.   CARDOZA in his leadership position held command over many sicarios and ordered murders committed by these sicarios on behalf of the cartel.

6.      Along with the alien smuggling, La Linea continued to traffic heavily in narcotics smuggled into the United States from Mexico.  This included the smuggling of cocaine. CARDOZA played a significant role on the trafficking of cocaine into the United States as part of his leadership role in the cartel.

7. La Linea in Juarez also controlled much of the street dealing of narcotics in that city to include cocaine. La Linea's efforts to maintain control of this street dealing included murder and other violent acts ordered and approved of by CARDOZA.

## COUNT ONE

The Grand Jury re-alleges and incorporates the Introduction as if fully set out herein.

Beginning on or about December 8, 2023, and continuing through January 3, 2024, in the Western District of Texas, the Republic of Mexico and elsewhere Defendant,

**(1) ALEXIS MALDONADO-MUNOZ,**
**also known as (a.k.a.Tarzan) and**
**(2) JAVIER CARDOZA RODRIGUEZ, also known as (a.k.a.): R-100, Sensei, Rolex, Karateka, Nuevo Mando,**

within the jurisdiction of the United States, together with others known and unknown to the Grand Jury, did knowingly and intentionally conspire to commit outside the United States, that is, the Republic of Mexico, an act that would constitute the offense of murder if committed in the special maritime and territorial jurisdiction of the United States, that is the murder of E.G.R., all in violation of Title 18, United States Code, Section 956(a)(1).

## COUNT TWO
(8 U.S.C. §§ 1324(a)(2)(B)(ii))

The Grand Jury re-alleges and incorporates the Introduction as if fully set out herein.

On or about January 17, 2024, in the Western District of Texas, Defendants,

**(1) ALEXIS MALDONADO-MUNOZ,**
**also known as (a.k.a.Tarzan) and**
**(2) JAVIER CARDOZA RODRIGUEZ, also known as (a.k.a.): R-100, Sensei, Rolex, Karateka, Nuevo Mando,**

knowing and in reckless disregard of the fact that certain aliens had not received prior official authorization to come to, enter, and reside in the United States, did bring to and attempt to bring

to the United States such aliens, for the purpose of commercial advantage and private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(2)(B)(ii).

## COUNT THREE

The Grand Jury re-alleges and incorporates the Introduction as if fully set out herein.

Beginning on or about January 1, 2021, and continuing through on or about June 4, 2024, in the Western District of Texas, the District of New Mexico, the Republic of Mexico and elsewhere Defendants,

**(1) ALEXIS MALDONADO-MUNOZ,**
also known as (a.k.a.Tarzan),
**(2) JAVIER CARDOZA RODRIGUEZ,** also known as (a.k.a.): R-100, Sensei, Rolex, Karateka, Nuevo Mando and
**(3) OMAR ALONSO SERRANO-GARCIA,**
also known as (a.k.a.): Donovan,

knowingly, intentionally, and unlawfully conspired, combined, confederated, and agreed together, and with others to the Grand Jury unknown, to commit an offense against the United States, namely: to bring to and attempt to bring to the United States certain aliens, at a place other than a designated port of entry, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(v)(I), (a)(1)(A)(i) and (a)(1)(B)(i).

## COUNT FOUR

The Grand Jury re-alleges and incorporates the Introduction as if fully set out herein.

Beginning on or about January 1, 2021, and continuing through on or about June 4, 2024, in the Western District of Texas, the District of New Mexico, the Republic of Mexico and elsewhere Defendants,

**(1) ALEXIS MALDONADO-MUNOZ,**
also known as (a.k.a.Tarzan),
**(2) JAVIER CARDOZA RODRIGUEZ,** also known as (a.k.a.): R-100, Sensei, Rolex, Karateka, Nuevo Mando and
**(3) OMAR ALONSO SERRANO-GARCIA,**

**also known as (a.k.a.): Donovan,**

knowingly, intentionally, and unlawfully conspired, combined, confederated, and agreed together, and with others to the Grand Jury unknown, to commit an offense against the United States, namely: to transport and move and attempt to transport and move aliens within the United States knowing and in reckless disregard of the fact that said aliens had come to, entered, and remained in the United States in violation of law, said transportation being in furtherance of said violation of law, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(v)(I), (a)(1)(A)(ii) and (a)(1)(B)(i).

## COUNT FIVE

The Grand Jury re-alleges and incorporates the Introduction as if fully set out herein.

Beginning on or about April 1, 2023, and continuing through February 15, 2024, in the Western District of Texas, the Republic of Mexico and elsewhere Defendant,

**(2) JAVIER CARDOZA RODRIGUEZ,**
**also known as (a.k.a.): R-100, Sensei, Rolex, Karateka, Nuevo Mando,**

knowingly, intentionally, and unlawfully conspired, combined, confederated, and agreed, with others to the Grand Jury known and unknown, to commit an offense against the United States, in violation of Title 21, United States Code, Section 846, that is to say, the Defendant conspired to possess a controlled substance, which offense involved cocaine, a Schedule II Controlled Substance, with intent to distribute same, in violation of Title 21, United States Code, Sections 841(a)(1) and the quantity of the mixture or substance containing cocaine involved in the conspiracy and attributable to Defendant as a result of Defendant's own conduct and as a result of the conduct of other conspirators reasonably foreseeable to Defendant is 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, all in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A)(ii).

## COUNT SIX

The Grand Jury re-alleges and incorporates the Introduction as if fully set out herein.

Beginning on about April 1, 2023, and continuing through February 15, 2024, in the Western District of Texas, the Republic of Mexico and elsewhere Defendant,

**(2) JAVIER CARDOZA RODRIGUEZ,**
**also known as (a.k.a.): R-100, Sensei, Rolex, Karateka, Nuevo Mando,**

knowingly, intentionally, and unlawfully conspired, combined, confederated, and agreed with others to the Grand Jury known and unknown, to commit an offense against the United States, in violation of Title 21, United States Code, Section 963, that is to say, the Defendant conspired to import a controlled substance, which offense involved cocaine, a Schedule II Controlled Substance, into the United States from Mexico, contrary to Title 21, United States Code, Sections 952(a) and 960(a)(1) and the quantity of cocaine involved in the conspiracy and attributable to Defendant as a result of Defendant's own conduct and as a result of the conduct of other conspirators reasonably foreseeable to Defendant is 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, all in violation of Title 21, United States Code, Sections 963, 952(a), 960(a)(1) and 960(b)(1)(B)(ii).

### NOTICE OF GOVERNMENT'S DEMAND FOR FORFEITURE
[*See* Fed. R. Crim. P. 32.2]

**I.**
**Conspiracy to Kill in a Foreign Country Violation and Forfeiture Statutes**
[Title 18 U.S.C. § 956(a)(1), subject to forfeiture pursuant to
Title 18 U.S.C. § 981(a)(1)(C) and (G), made applicable
to criminal forfeiture by Title 28 U.S.C. § 2461(c)]

As a result of the foregoing criminal violation set forth in Count One, the United States gives notice to Defendants **ALEXIS MALDONADO-MUNOZ (1) and JAVIER CARDOZA RODRIGUEZ (2)** of its intent to seek the forfeiture of certain property upon conviction pursuant

to Fed R. Crim. P. 32.2 and Title 18 U.S.C. §§ 981(a)(1)(C) and (G), as made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c), which state:

> **Title 18 U.S.C. § 981 Forfeiture**
> **(a)(1)** The following property is subject to forfeiture to the United States:
> * * *
> **(C)** Any Property, real or personal, which constitutes or is derived from proceeds traceable to a violation of . . . any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.
> * * *
> **(G)** All assets, foreign, or domestic—
>
> **(i)** of any individual, entity, or organization engaged in planning or perpetrating any Federal crime of terrorism (as defined in section 2332b(g)(5)) against the United States, citizen or residents of the United States, or their property, and all assets, foreign or domestic, affording any person a source of influence over any such entity or organization;
>
> **(ii)** acquired or maintained by any person with the intent and for the purpose of supporting, planning, conducting, or concealing any Federal crime of terrorism (as defined in section 23332b(g)(5)) against the United States, citizens or residents of the United States, or their property;
>
> **(iii)** derived from, involved in, or used or intended to be used to commit any Federal crime of terrorism (as defined in section 2332b(g)(5)) against the United States, citizens or residents of the United States, or their property; or
>
> **(iv)** of any individual, entity, or organization engaged in planning or perpetrating any act of internation terrorism (as defined in section 2331) against any international organization (as defined in section 209 of the State Department Basic Authorities Act of 1956 (22 U.S.C. 4309(b)) or against any foreign Government. Where the property sought for forfeiture is located beyond the territorial boundaries of the United States, an act in furtherance of such planning or perpetration must have occurred within the jurisdiction of the United States.

Conspiracy to Kill in a Foreign Country is offense constituting "specified unlawful activity" as defined in section 1956(c)(7).

## II.
## Transportation of Aliens Violation and Forfeiture Statutes
**[Title 8 U.S.C. §§ 1324(a)(1)(A)(v)(I), (a)(1)(A)(i), (a)(1)(A)(ii), (a)(1)(B)(i), (a)(2)(B)(ii), subject to forfeiture pursuant to Title 18 U.S.C. §§ 982(a)(6)(A) and (B) and Title 8 U.S.C. § 1324(b)(1), as made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]**

As a result of the foregoing criminal violations set forth in Counts Two through Four, the United States of America gives notice to Defendants **(1) ALEXIS MALDONADO-MUNOZ, (2) JAVIER CARDOZA RODRIGUEZ,** and **(3) OMAR ALONZO SERRANO-GARCIA** of its intent to seek the forfeiture of certain property upon conviction pursuant to Fed. R. Crim. P. 32.2, Title 18 U.S.C. §§ 982(a)(6)(A) and (B), and Title 8 U.S.C. § 1324(b)(1), as made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c), which state:

> **Title 18 U.S.C. § 982. Criminal Forfeiture**
> **(a)(6)(A)** The court, in imposing sentence on a person convicted of a violation of, or conspiracy to violate, section 254(a), 274A(a)(1), or 274A(a)(2) of the Immigration and Nationality Act or section 555, 1425, 1426, 1427, 1541, 1542, 1543, 1544, or 1546 of this title, or a violation of, or conspiracy to violate, section 1028 of this title if committed in connection with passport or visa insurance or use, shall order that the person forfeit to the United States, regardless of any provision of State Law—
>> **(i)** any conveyance, including any vessel, vehicle or aircraft used in the commission of the offense of which the person is convicted; and
>> **(ii)** any property real or personal—
>>> **(I)** that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense of which the person is convicted; or
>>> **(II)** that is used to facilitate, or is intended to be used to facilitate, the commission of the offense of which the person is convicted.
>
> **(B)** The Court, in imposing sentence on a person described in subparagraph (A), shall order that the person forfeit to the United States all property described in that subparagraph.
>
> **Title 8 U.S.C. § 1324(b) Seizure and Forfeiture**
> (1) In general
> Any conveyance, including any vessel, vehicle, or aircraft, that has been or is being used in the commission of a violation of subsection (a), the gross proceeds of such violation, and any property traceable to such conveyance or proceeds, shall be seized and subject to forfeiture.

### III.
### Drug Violation and Forfeiture Statutes
**[Title 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(ii), subject to forfeiture pursuant to Title 21 U.S.C. §§ 853(a)(1) and (2)]**

As a result of the foregoing criminal violations set forth in Count Five, the United States gives notice to Defendant **(2) JAVIER CARDOZA RODRIGUEZ** of its intent to seek the

forfeiture of certain property upon conviction pursuant to FED. R. CRIM. P. 32.2 and Title 21 U.S.C. §§ 853(a)(1) and (2), which state:

> **Title 21 U.S.C. § 853.  Criminal Forfeitures**
> **(a) Property subject to criminal forfeiture**
>      * * *
> **(1)** any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;
> **(2)** any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

**IV.**
**Drug Violation and Forfeiture Statutes**
**[Title 21 U.S.C. §§ 963, 952(a), 960(a)(1), 960(b)(1)(B)(ii),**
**subject to forfeiture pursuant to Title 21 U.S.C. §§ 853(a)(1) and (2) and 970]**

As a result of the foregoing criminal violations set forth in Count Six, the United States gives notice to Defendant **(2) JAVIER CARDOZA RODRIGUEZ** of its intent to seek the forfeiture of certain property upon conviction pursuant to Fed R. Crim. P. 32.2 and Title 21 U.S.C. §§ 853(a)(1) and (2), which states:

> **Title 21 U.S.C. § 853.  Criminal Forfeitures**
>  **(a) Property subject to criminal forfeiture**
>   **(1)** any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;
>   **(2)** any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.
>
> **Title 21 U.S.C. §  970. Criminal Forfeitures**
>   Section 853 of this title, relating to criminal forfeitures, shall apply in every respect to a violation of this subchapter punishable by imprisonment for more than one year.

This Notice of Demand for Forfeiture includes but is not limited to the money judgment described in Paragraph V.

**V.**
**Money Judgment**

A sum of money that represents the amount of proceeds obtained, directly or indirectly, property involved in such offense, or traceable to such property as a result of the violations set forth above for which Defendants **(1) ALEXIS MALDONADO-MUNOZ, (2) JAVIER CARDOZA RODRIGUEZ** and **( 3 ) OMAR ALONZO SERRANO-GARCIA** are individually liable.

## Substitute Assets

If any of the above-described forfeitable property, as a result of any act or omission of the Defendants:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States to seek forfeiture of any other property, up to the value of said money judgment, as substitute assets pursuant to Title 21 U.S.C. § 853(p) and Fed. R. Crim. P. 32.2(e)(1).

A TRUE BILL.

_____
FOREPERSON OF THE GRAND JURY

JAIME ESPARZA
UNITED STATES ATTORNEY

BY: _____
Assistant U.S. Attorney